IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:20-cv-135 |
| ) | |
| 13.47 ACRES OF LAND, OWNED BY ) | |
| JOHN COLES TERRY, III, ) | |
| ) | |
| Defendant. ) | |

RESPONSE OF MOUNTAIN VALLEY PIPELINE, LLC
TO MOTION FOR TEMPORARY INJUNCTION

Plaintiff, Mountain Valley Pipeline, LLC ("MVP"), by counsel, submits this response to the motion for temporary injunction, Dkt. No. 22, filed by defendant John Coles Terry, III ("Terry").

1.  In his motion, Terry asks the Court to enjoin MVP from performing blasting work on his property. Terry does not allege that MVP is performing work outside the approved route. And Terry admits that the Federal Energy Regulatory Commission is allowing the work to proceed. In fact, Terry states that he filed an emergency motion with FERC last week, asking the agency to stay blasting on his property. Dkt. No. 22 at 2.

Abingdon: 1158911-1

2. Terry alleges that he was not provided with notice of the blasting work on his property. This is not correct. As shown by Terry's own filings, Terry was provided advance notice of the work. Dkt. No. 22-4.

3. In any event, all issues as to the propriety of construction work on the project are within the exclusive jurisdiction of FERC. In the Certificate Order, FERC approved the project, including work across Terry's property and the methods of construction. The Court of Appeals denied the petitions by various groups to overturn FERC's decision. *Appalachian Voices v. FERC,* No. 17-1271, 2019 WL 847199 (D.C. Cir. Feb. 19, 2019). That decision is final.

4. Under the Natural Gas Act, this Court has jurisdiction to hear cases by certificate holders to condemn property for approved routes. 15 U.S.C. § 717f(h). The Court also has jurisdiction to enforce FERC's orders. 15 U.S.C. § 717u. The Court does not have jurisdiction to revise or modify those orders. Because Terry's motion seeks to relitigate issues involving the approved route for the project, the motions should be denied.

5. The Court is familiar with the history of this case:

- On January 31, 2018, the Court entered a memorandum opinion and order granting MVP's motion for partial summary judgment and conditionally granting MVP's motion for immediate possession. The Court denied the defendants' motions to stay. Dkt. Nos. 339, 340 in 7:17-cv-00492.

- Defendants appealed the Court's ruling to the Fourth Circuit. No. 18-1159(L).
- The Fourth Circuit affirmed this Court's decision. *Mountain Valley Pipeline, LLC v. 6.56 Acres,* 915 F.3d 197 (4th Cir. 2019).
- The Supreme Court of the United States denied certiorari. *Givens v. Mountain Valley Pipeline, LLC*, 140 S. Ct. 300 (2019).

The decisions holding that MVP has the right to condemn the approved route and granting MVP immediate possession are final.

6. During the course of the project, various landowners, have filed numerous motions to stop work on the project. All of these motions have been denied.

- *Mountain Valley Pipeline, LLC v. Easements to Construct,* No. 7:17-cv-492-EKD, Dkt. No. 339 at 9-15 (W.D. Va. Jan. 31, 2018) (denying various motions to stay condemnation proceedings).
- *Mountain Valley Pipeline, LLC v. Easements to Construct,* No. 7:17-cv-492-EKD, Dkt. No. 415 (W.D. Va. Feb. 20, 2018) (denying motions to stay immediate possession pending appeal).
- *Berkley v. Mountain Valley Pipeline, LLC*, No. 18-1042, Doc. 30 (4th Cir. Feb. 15, 2018) (denying emergency motion for stay of immediate possession (Doc. 21-1), which argued that the delegation of eminent domain power under the Natural Gas Act is unconstitutional).

3

- *Mountain Valley Pipeline, LLC v. Erickson,* No. 18-1165, Doc. 12 (4th Cir. Feb. 16, 2018) (denying motion for stay of immediate possession pending appeal).

- *Mountain Valley Pipeline, LLC v. 0.335 Acres*, No. 18-1175, Doc. 42 (4th Cir. Mar. 5, 2018) (denying motion for stay of immediate possession pending appeal).

- *Appalachian Voices v. FERC*, No. 17-1271 (D.C. Cir. Feb. 2, 2018) (denying motions for stay of certificate order).

- *Blue Ridge Envtl. Defense League v. FERC*, No. 18-1002 (D.C. Cir. Feb. 2, 2018) (denying motion to stay certificate order).

- *Appalachian Voices v. FERC,* No. 18-1006 (D.C. Cir. Feb. 2, 2018) (denying motion to stay certificate order).

- *Mountain Valley Pipeline, LLC v. 0.15 Acres (Hamm)*, No. 7:19-cv-181-EKD, Dkt. No. 41 (W.D. Va. Jan. 22, 2020) (denying motion to stay condemnation proceeding).

- *Mountain Valley Pipeline, LLC v. 4.72 Acres (Vest)*, No. 7:18-cv-647-EKD, Dkt. No. 77 (W.D. Va. Mar. 28, 2021) (denying emergency motion to prevent or restrict work and motion to stop work).

7. A district court's jurisdiction in cases involving the Natural Gas Act is two-fold. A district court may hear and determine proceedings to condemn land for an approved project, and it may enforce FERC orders. 15 U.S.C. §§ 717f(h) and 717u. A

district court does not have jurisdiction to revise or modify FERC orders.  *Berkley v. Mountain Valley Pipeline, LLC,* No. 7:17-cv-00357, 2017 WL 6327829 (W.D. Va. Dec. 11, 2017), *aff'd*, 896 F.3d 624 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 941 (2019); *Mountain Valley Pipeline, LLC v. 4.72 Acres (Vest)*, No. 7:18-cv-647-EKD, Dkt. No. 77 at 8 (W.D. Va. Mar. 28, 2021) (holding that this Court "lacks jurisdiction to halt work or to impose other conditions . . . on MVP's construction activities").

8. FERC has approved construction on Terry's property, and all of the work being performed is within the scope of that approval.  As a result, the Court does not have jurisdiction to enjoin or restrict that work.

9. For these reasons, Terry's motion should be denied.

Respectfully submitted,

MOUNTAIN VALLEY PIPELINE, LLC

By Counsel

Wade W. Massie
 VSB No. 16616
Seth M. Land
 VSB No. 75101
PENN, STUART & ESKRIDGE
P. O. Box 2288
Abingdon, VA  24212
Telephone:  276-628-5151
Facsimile:  276-628-5621
wmassie@pennstuart.com
sland@pennstuart.com

By  */s/ Wade W. Massie*
        Wade W. Massie

Abingdon: 1158911-1

## CERTIFICATE OF SERVICE

I hereby certify that, on this 11th day of August, 2021, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

                                         */s/ Wade W. Massie*
                                         Wade W. Massie

Abingdon: 1158911-1