IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:20-cv-135 |
| 13.47 ACRES OF LAND, OWNED BY JOHN COLES TERRY III, | ) By: Elizabeth K. Dillon<br>) United States District Judge |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

The landowner in this case, John Coles Terry, filed a motion to enjoin plaintiff Mountain Valley Pipeline (MVP) from blasting aquifers on his property. (Dkt. No. 22.) The court held a hearing on the court's jurisdiction to issue the relief requested by the landowner. The court concludes, as it has on prior occasions, that it lacks jurisdiction to enjoin or interfere with MVP's construction activities on the route approved by the Federal Energy Regulatory Commission (FERC).

I.  BACKGROUND

As the court has recounted several times, FERC issued an order for MVP to construct, maintain, and operate a natural gas pipeline along a route that includes property owned by several landowners, including Mr. Terry (the Approved Route). On January 31, 2018, the court entered a memorandum opinion and order granting MVP's motion for partial summary judgment and conditionally granting MVP's motion for immediate possession. That ruling was affirmed on appeal, and the Supreme Court denied certiorari.

As relevant here, on July 1, 2021, FERC noticed a Notice of Supplemental Scoping Period for the Proposed Amendment to the Certificate of Public Convenience and Necessity for the

Mountain Valley Pipeline Project and Request for Comments on Environmental Issues.[1]  On August 1 and 2, 2021, intervenors filed scoping statements relevant to shallow aquifers on the property.  (*See* Dkt. Nos. 22-1, 22-2.)

On August 6, 2021, the landowner filed an emergency motion with FERC to stay the blasting of aquifers within MVP's right of way.  (Dkt. No. 22-3.)  MVP began blasting the landowner's property on August 9.  On August 10, MVP bore new holes for additional blasting.  Landowner asserts that MVP was planning to blast an aquifer on August 11.  Further proceedings have revealed that there is no discernable timetable for blasting and that the matter is left to the discretion of the construction contractors.

## II.  ANALYSIS

Before the court can address the merits of the landowner's motion, the court must determine whether it has jurisdiction to grant the requested relief.  On several occasions, requests made to various courts to issue orders that stop or interfere with MVP's construction activities on the Approved Route have been denied.  *See, e.g.*, *MVP v. Easements to Construct*, Case No. 7:17-cv-492, Dkt. No. 339 at 9–15 (W.D. Va. Jan. 31, 2018) (denying motions to stay condemnation proceedings); *MVP v. Easements to Construct*, Case No. 7:17-cv-492, Dkt. No. 415 (W.D. Va. Feb. 20, 2018) (denying motions to stay immediate possession pending appeal); *Berkley v. MVP*, No. 18-1042, Dkt. No. 30 (4th Cir. Feb. 15, 2018) (denying emergency motion for stay of immediate possession); *MVP v. Erickson*, No. 18-1165, Dkt. No. 12 (4th Cir. Feb. 16, 2018) (denying motion for stay of immediate possession pending appeal); *MVP v. 0.335 Acres*, No. 18-1175, Dkt. No. 42 (4th Cir. Mar. 5, 2018) (denying motion for stay of immediate possession pending appeal); *Appalachian Voices v. FERC*, No. 17-1271 (D.C. Cir. Feb. 2, 2018) (denying motions for stay of

---

[1] *See* https://www.govinfo.gov/content/pkg/FR-2021-07-09/pdf/2021-14626.pdf.

certificate order); *Blue Ridge Env't Defense League v. FERC*, No. 18-1002 (D.C. Cir. Feb. 2, 2018) (denying motion to stay certificate order); *MVP v. 0.15 Acres (Hamm)*, Civil Action No. 7:19-cv-00181, 2020 WL 365506 (W.D. Va. Jan. 22, 2020) (denying motion to stay condemnation proceeding); *MVP v. 4.72 Acres (Vest)*, 529 F. Supp. 3d 563 (W.D. Va. Mar. 29, 2021) (denying motion to stop work on pipeline project).

More recently, in *Vest*, the court noted that it has "had the opportunity on several occasions to explain the limits of its authority and jurisdiction in MVP's condemnation proceedings." 2021 WL 1175227, at *4. "Pursuant to the Natural Gas Act [NGA], the court has jurisdiction to hear cases by certificate holders to condemn property for approved routes, 15 U.S.C. § 717(h), and to enforce FERC's orders, 15 U.S.C. § 717u. The court does not . . . have jurisdiction to revise or modify those orders." *Id.* The court's role is limited to "ordering condemnation as authorized by the FERC certificate." *Id.* The court cited a contempt proceeding against MVP relating to MVP's tree-felling activities, where the court explained that its "description of a witness's testimony about when tree felling could and could not occur pursuant to various guidelines is not the equivalent of a command or a directive to MVP about when it could or could not fell trees." *Id.* (quoting *MVP v. Easements*, Civil Action No. 7:17-cv-00492, 2018 WL 2088762, at *5 (W.D. Va. May 4, 2018)). Those determinations are "made by FERC, based on its interpretation of MVP's compliance with the FERC certificate and its subsequent instructions." *Id.* Just as the court lacks jurisdiction to "manage MVP's tree-felling activities," *id.* at 5, or to "impose other conditions, such as time and place restrictions, on MVP's construction activities," *id.*, the court also does not have jurisdiction to enjoin MVP from blasting aquifers on the Approved Route. In short, the court "lacks authority to intervene and micromanage the ongoing construction project." *Id.*

Landowner cites a recent Supreme Court case, *PennEast Pipeline Company, LLC v. New*

*Jersey*, 141 S. Ct. 2244 (2021), in support of jurisdiction. *PennEast* held that the NGA authorizes certificate holders, as private delegatees of the federal government, to condemn land in which a State claims an interest, and this arrangement does not offend the states' sovereign immunity because they "surrendered their immunity from the exercise of the federal eminent domain power when they ratified the Constitution." 141 S. Ct. at 2251–52. The holding in *PennEast* has no bearing on this case.

There is a brief discussion of jurisdiction in *PennEast*, to which the landowner cites, as the United States argued[2] that the Third Circuit Court of Appeals lacked jurisdiction to decide the question of whether the NGA delegated to certificate holders the right to file condemnation actions against nonconsenting States. 141 S. Ct. at 2254. Instead, the United States argued that the court of appeals reviewing FERC's certificate order (the D.C. Circuit) had the exclusive jurisdiction to affirm, modify, or set aside the order. The Court rejected this argument because New Jersey was not seeking to modify FERC's order; it was asserting a defense against the condemnation proceedings initiated by PennEast.

> To determine whether the District Court correctly rejected New Jersey's defense, the Third Circuit needed to decide whether [15 U.S.C.] § 717f(h) grants natural gas companies the right to bring condemnation suits against States. Its conclusion that § 717f(h) does not authorize such suits did not 'modify' or 'set aside' FERC's order, which neither purports to grant PennEast the right to file a condemnation suit against States nor addresses whether § 717f(h) grants that right.

*Id.* From this, the landowner divines the argument that the court has jurisdiction where a plaintiff is not seeking to modify or set aside a FERC order or is asserting a defense to the right to take certain property altogether. The court rejects this argument because *PennEast* arose in a completely

---

[2] The United States appeared as amicus curiae. 141 S. Ct. at 2254.

different posture than the case before this court. The affirmative defense raised by New Jersey arose after FERC issued a certificate of public convenience and necessity but before the district court authorized PennEast to exercise the federal eminent domain power under § 717f(h) to obtain rights-of-way along the pipeline route approved by FERC. The court's approval of the eminent domain power has obviously already occurred with respect to the Mountain Valley Pipeline project. The exercise of jurisdiction in *PennEast* to address an affirmative defense to eminent domain has no connection to a request to interfere with MVP's construction activities after the power to exercise eminent domain has been established and approved by the court. Moreover, for the reasons stated above, the landowner's attempt to cast himself as not attempting to modify the FERC order is simply incorrect.

Finally, the landowner argues that the court can "control possession" of real property subject to condemnation by exercising its equitable power to grant preliminary injunctions. The cases cited by the landowner do not support his position in this case. For example, in *E. Tenn. Natural Gas Co. v. Sage*, 361 F.3d 808 (4th Cir. 2004), the court exercised its equitable power to grant a preliminary injunction motion brought by the *pipeline company* to obtain immediate possession after obtaining a FERC certificate. That is exactly what happened in this case, and it has no application to the question now before the court. The other two cases cited by the landowner also involved the granting of immediate possession through injunctive relief in favor of the certificate holder. *See Columbia Gas Transmission LLC v. 0.85 Acres*, Civil No. WDQ-14-2288, 2014 WL 4471541 (D. Md. Sept. 8, 2014) (granting motions for summary judgment and for immediate possession); *Nw. Pipeline Corp. v. The 20' x 1,430' pipeline Right of Way*, 197 F. Supp. 2d 1241 (E.D. Wash. 2002) (finding that the pipeline company met the criteria for an injunction for immediate possession).

In sum, the landowner has failed to establish that the court may exercise jurisdiction over its

request for an injunction.

### III.  CONCLUSION

Because the court lacks jurisdiction to grant the relief requested by the landowner, his motion for a temporary injunction (Dkt. No. 22) is DENIED.

Entered: March 29, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge